**Edwin Evia ABANTO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–70193.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2004.*

Decided June 15, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Nancy E. Miller, Esq., Elsie V. Hui, Robert L. Reeves & Associates, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, KOZINSKI, and GRABER, Circuit Judges.

### MEMORANDUM **

Edwin Evia Abanto appeals the decision of the Board of Immigration Appeals (BIA), which affirmed the decision of the immigration judge (IJ) to deny discretionary relief from deportation. In a per curiam decision, the BIA held that Abanto did not warrant discretionary relief in the form of a waiver under INA § 241(a)(1)(H), 8 U.S.C. § 1251(a)(1)(H) (1994). We review for abuse of discretion, *Braun v. INS*, 992 F.2d 1016, 1019 (9th Cir.1993), and deny the petition for review.

The BIA's affirmance of the IJ's adverse credibility determination was supported by substantial evidence. The BIA referred to specific and cogent instances of inconsistent testimony to support its credibility determination. *See Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir.2003). In particular, Abanto provided inconsistent and evasive answers regarding his two-year delay in filing for his wife's residency and the date upon which he told his parents that he was married. These inconsistencies were not minor. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000) (stating that minor inconsistencies cannot be the basis for an adverse credibility finding). On the contrary, this testimony was central to Abanto's case, as it pertained to the length and extent of Abanto's fraudulent scheme. Furthermore, Abanto's inconsistent testimony is not excused by the fact that the IJ's interrogation methods made Abanto nervous and confused. Abanto does not provide any citations to the record to support his allegation that the IJ conducted the hearing in an openly hostile manner, and we find no evidence of such behavior in the record.

The BIA did not misconstrue *INS v. Yang*, 519 U.S. 26, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996), by affirming the IJ's consideration of Abanto's initial entry fraud as one adverse factor in the multifactored discretionary balancing test. Rather, the BIA was well within the confines of *Yang. Id.* at 32, 117 S.Ct. 350 ("The 'entry fraud' exception being, under the current statute, a rule of the INS's own invention, the INS is entitled, within reason, to define that exception as it pleases.").

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.